TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000338-KB

FINAL

DATE 10/4/16 Kim Redmon DC

KENTUCKY BAR ASSOCIATION

MOVANT

V.                                   IN SUPREME COURT

DAVID THOMAS SPARKS                                 RESPONDENT

## OPINION AND ORDER

The Board of Governors ("Board") for the Kentucky Bar Association ("KBA") recommends this Court suspend David Thomas Sparks from the practice of law for one-hundred-eighty-one (181) days, and that he be referred to the Kentucky Lawyers Assistance Program (KYLAP) and required to pay all relevant costs. Finding sufficient cause to do so, we adopt the Board's recommendation. Sparks whose bar roster address is 1719 Ashley Circle Ste. 100, P.O. Box 1925, Bowling Green KY 42102 was admitted to the practice of law in 1995.

In the fall of 2015, Sparks was retained by Marion and Beverly Sanford to respond to a civil complaint filed in Warren District Court. The complaint concerned the construction and expense of a permanent boundary fence between the Sanfords and the plaintiff. Sparks filed an answer and counterclaim to the complaint and notified the Sanfords. Subsequently, the plaintiff replied to the counterclaim. Sparks in a letter notified the Sanfords of the reply being filed and suggested that they should "leave the next move to

[the plaintiff]." Subsequently, the Sanfords made repeated attempts to contact Sparks to no avail. Despite their efforts, the Sanfords have not had contact with Sparks since October 2015, and have been unable to retrieve their file· which remains in Sparks's possession.·

In January 2016, Marion Sanford filed a bar complaint with the KBA. The KBA forwarded that complaint to Sparks by certified mail. While that correspondence was received and signed for by Sparks, he declined to answer the complaint or provide any information to the KBA. In March 2016, the Inquiry Commission ("Commission") initiated a complaint against Sparks alleging the following violations: (1) Supreme Court Rule (SCR) 3.130-1.4(a)(4) (Communication) for failing to respond to his clients' request for information; (2) SCR 3.130-1.16(d) (Declining or Terminating Representation) for failing to return the client paperwork, abandoning the client, and failing to properly withdraw from the case, upon termination of the representation; and (3) SCR 3.130-8.1(b) (Bar Admission and Disciplinary Matters) for failing to respond to a lawful demand for information from an admissions or disciplinary authority. The Commission's charge was forwarded to Sparks in March 2016 by certified mail. While Sparks acknowledged receipt of the charge, he declined to respond.

Due to Sparks's failure to respond, the Commission submitted the matter to the Board of Governors under SCR 3.210. Following a discussion of the charges, eighteen members of the Board voted on Sparks's charges and unanimously found Sparks guilty of each charge. After considering the

2

relevant authorities and Sparks's prior disciplinary history, the Board unanimously recommended that he be suspended for one-hundred-eighty-one (181) days, be referred to KYLAP, and be required to pay costs. Previously, in February 2016, Sparks was suspended from the practice of law for one-hundred-eighty-one (181) days, with sixty-one (61) days to serve and the balance probated for two years, with conditions. *Kentucky Bar Ass'n v. Sparks*, 480 S.W.3d 278 (Ky. 2016). By a vote of twelve to six, the Board recommended that Sparks's suspension run consecutive to his prior discipline.

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Sparks's guilt. Sparks has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

For the foregoing reasons, it is hereby ORDERED:

1. David Thomas Sparks, is found guilty of violating SCR 3.130-1.4(a)(4); SCR 3.130-1.16(d); and (3) SCR 3.130-8.1(b).

2. Sparks is suspended from the practice of law for one-hundred-eighty-one (181) days to run consecutive to the 181–day suspension ordered by this Court on February 18, 2016. Should Sparks, thereafter, seek to have his license restored, he must be processed by the Character and Fitness Committee.

3. Sparks will submit to an evaluation by KYLAP and successfully complete any resulting course of recommended treatment.

4. Sparks will notify all necessary courts and clients of his one-hundred-eighty-one (181) day suspension in accordance with SCR 3.390(b). Those notifications will be made by letter placed in the United States mail within ten (10) days from the date of this Opinion and Order. Sparks will also simultaneously provide a copy of all such letters to the Office of Bar Counsel. Also, to the extent possible, Sparks will cancel and cease any advertising activities in which he is engaged.

5. As stated in SCR 3.390(a), this order will take effect on the 10th day following its entry. Sparks is instructed to promptly take all reasonable steps to protect the interests of his clients.

6. Pursuant to SCR 3.390, Sparks will not, during the term of suspension, accept new clients or collect unearned fees.

7. Pursuant to SCR 3.450, Sparks is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $229.13, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 22, 2016.

_____
CHIEF JUSTICE

4