**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**David Thomas SPARKS, Respondent**

**2015–SC–000425–KB**

Supreme Court of Kentucky.

December 15, 2016.

See also, 480 S.W.3d 278.

## OPINION AND ORDER

On February 18, 2016, this Court entered an order suspending David Thomas Sparks for 181 days, with 61 days to serve and the remainder probated for two years, with conditions. *See Kentucky Bar Ass'n v. Sparks*, 480 S.W.3d 278 (Ky. 2016). The Office of Bar Counsel has now moved to revoke probation and to impose the remainder of the suspension because Sparks violated several conditions of his probation. This Court grants the motion.

Sparks' KBA number is 85840, and his bar roster address is 1719 Ashley Circle, Suite 100, P.O. Box 1925, Bowling Green, Kentucky 42102. He was admitted to the practice of law in the Commonwealth of Kentucky in October 1995.

As noted above, he was suspended, with partial probation of the sanction, in February 2016. Sparks' probation was subject to several conditions, including that he "not receive any new disciplinary charges during the probationary period related to conduct discovered or occurring after the date of this Order," attend ethics and business-management education courses, establish an IOLTA account, and pay the costs of the proceedings. And, as with all suspensions over 60 days, Sparks was ordered to notify his clients by letter of his inability to represent them during the period of suspension and to send copies of those letters to the Office of Bar Counsel, as required by SCR 3.390(b).

According to the Office of Bar Counsel, a new bar complaint was filed against Sparks on April 14, 2016. The new complaint was filed by Donald Meredith, who alleged that Sparks had been hired in December 2014 to perform legal services and that he failed to do so. He also alleged that Sparks failed to refund the fee Meredith had paid.

A copy of the bar complaint was mailed to Sparks in April 2016, but he filed no response. In June 2016, copies of the complaint were served on Sparks by the Warren County Sheriffs Office and by service on the KBA's Executive Director under SCR 3.175(2). He again did not respond to the complaint.

In August 2016, the Inquiry Commission issued a four-count formal charge against Sparks alleging violations of SCR 3.130–1.3 (diligence), –1.4(a)(2) and (4) (communication), –1.16(d) (failure to return unearned fees), and –8.1(b) (failure to respond to a disciplinary authority).

This disciplinary action appears to have set the Office of Bar Counsel into action. It moved to have Sparks' probation revoked. Copies of the bar complaint and formal charge were attached to the motion.

As noted by the Office of Bar Counsel, this new disciplinary matter arose during Sparks' probationary period, and it relates to conduct discovered after the previous suspension order entered in February 2016. Based on this, the Office of Bar Counsel claims that Sparks has failed to satisfy the conditions imposed on him by the Court.

The Office of Bar Counsel also points out that Sparks failed to notify Meredith of his suspension or to send copies of such notice to the Office of Bar Counsel, as required by this Court's prior order and SCR 3.390(b). This, the Office of Bar Counsel notes, violated another condition on Sparks' probation.

The Office of Bar Counsel also notes that there is no evidence that Sparks at-

tended the required ethics and business-management education course or established an IOLTA account. It also notes that he has not provided a CLE release form, as ordered by the Court, so that it could confirm that Sparks did not seek CLE credit for any courses he took under this Court's order. Finally, the Office of Bar Counsel notes that Sparks has not paid the costs of the underlying disciplinary action.

Sparks was ordered in October 2016 to show cause why his probation should not be revoked and the remaining suspension be ordered served. He did not respond to that order.

There is evidence, based on the Office of Bar Counsel's motion and attached documents, that Sparks has failed to satisfy the conditions of his disciplinary probation. This Court concludes, therefore, that Sparks' probation should be revoked and the remainder of his suspension served.

Therefore, it is ORDERED that the Office of Bar Counsel's motion to revoke David Thomas Sparks' probation based on the new bar complaint and other failures is GRANTED, and Sparks is suspended from the practice of law in this Commonwealth for the remaining 120 days previously probated by this Court's Opinion and Order.

This Court is aware that Sparks was also found guilty of misconduct and suspended for 181 days on September 22, 2016. That misconduct, having been reported before this Court's February 2016 suspension order, did not trigger revocation of Sparks' probation. However, the 181–day suspension in that case was ordered to be served consecutively to that ordered in this case, and it is still being served. Sparks, however, was not under suspension in September, at least not under this Court's February 2016 order, which would have allowed him to return to practice sometime in April 2016. That said,

his suspension may have persisted at that time if Office of Bar Counsel objected to his automatic reinstatement under SCR 3.510(2). Regardless, Sparks will be required to serve both the 181–day suspension from September and the remaining 120 days from the February order before he can begin to seek reinstatement, which will require that he appear before the Character and Fitness Committee.

/s/John D. Minton, Jr.
      CHIEF JUSTICE

All sitting. All concur.