TO BE PUBLISHED



# Supreme Court of Kentucky

## 2017-SC-000115-KB

FINAL
DATE 6/27/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                          IN SUPREME COURT

DAVID THOMAS SPARKS                                       RESPONDENT

## OPINION AND ORDER

The Board of Governors ("Board") for the Kentucky Bar Association ("KBA") recommends this Court suspend Respondent, David Thomas Sparks, from the practice of law for one year, to run consecutively with other pending suspensions and that he be required to repay his former client, Donald G. Meredith, the sum of $1,000.00. The Board further recommends that Respondent be required to attend and successfully complete the Ethics and Professional Enhancement Program ("EPEP"), and that Respondent be referred to the Kentucky Lawyer Assistance Program ("KYLAP"). The Board also proposes that Respondent be required to satisfy all conditions imposed in other pending disciplinary actions[1] and that Respondent be required to pay all costs

---

[1] Previously, by Opinion and Order, Respondent was suspended from the practice of law in February 2016 for one hundred eighty one-one days, with one hundred twenty days of that suspension probated with conditions. In September

associated with this action. Respondent's bar roster address is 1719 Ashley Circle, Suite 100, P.O. Box 1925, Bowling Green, KY 42102-1925, and his KBA Member Number is 85840.

## I. BACKGROUND

In December 2014, Donald G. Meredith paid Respondent $1,000.00 to represent him in a foreclosure action in which Meredith and his wife claim that $50,000.00 of personal property was stolen from their vacated home. After paying Respondent the $1,000.00, Meredith claimed that Respondent provided no legal services; that he failed to respond to two registered letters requesting information; and that he also did not provide consultation or any work.

After many unsuccessful attempts to contact Respondent, Meredith filed a bar complaint with the KBA in April 2016. Upon receiving and reviewing the complaint, the Office of Bar Counsel ("OBC") mailed a copy to Respondent via certified mail at his bar roster address. Respondent did not answer the complaint. A couple of weeks later, OBC mailed the Warren County Sheriff's Office a copy of the complaint for personal service at Respondent's bar roster address. Eventually, the Sheriff's Office was able to serve Respondent with a

---

2016, this Court suspended Respondent for one hundred eighty-one days to run consecutively to his previous suspension. In December 2016, this Court revoked Respondent's probation imposed in February 2016 due to violation of the conditions assessed in that case and imposed the remaining one hundred twenty day suspension originally ordered in February 2016. Respondent must complete the one hundred eighty-one day suspension ordered in September 2016, as well as, the one hundred twenty day suspension that was probated in February 2016 and ordered in December 2016 to be served due to revocation.

2

copy at a different address. Again, no response to the complaint was filed by Respondent.

In August 2016, the Inquiry Commission ("Commission") launched a complaint against Respondent alleging the following violations: (1) SCR 3.130(1.3) (Diligence) for failing to act with reasonable diligence and promptness in representing a client; (2) SCR 3.130(1.4)(a)(2) (Communication) for failure to consult with a client about the means by which the client's objectives are to be accomplished; (3) SCR 3.130(1.4)(a)(4) (Communication) for failure to promptly comply with reasonable requests for information; (4) SCR 3.130(1.16)(d) (Declining or Terminating Representation) for abandoning the client, failing to return the client's paperwork, failing to return any advance payment not used, and failure to properly withdraw from the case upon termination of representation; (5) SCR 3.130(8.1)(b) (Bar Admission and Disciplinary Matters) for failure to respond to a lawful demand for information from a disciplinary authority. The Commission's Charge was mailed to Respondent in August 2016. It was returned with a handwritten note that read "BOX CLOSED, UNABLE TO FORWARD." Numerous other unsuccessful attempts were made by the Warren County Sheriff's Department to serve Respondent. Respondent has not filed an answer to the Commission's Charge.

## II. ANALYSIS

Due to Respondent's failure to respond to the Charge, the Commission submitted the matter to the Board of Governors under SCR 3.210(1), our rule

3

for processing cases of default.[2] Following a discussion of the charges, seventeen members of the Board voted on Respondent's charges and unanimously found him guilty of each charge. After considering Respondent's prior disciplinary history, the Board unanimously recommended the disciplinary measures proffered by the Commission as previously set forth herein. The Board also voted that service of this suspension run consecutively to the suspensions previously ordered in *Kentucky Bar Association v. Sparks*, 480 S.W.3d 278 (Ky. 2016)[3]; *Kentucky Bar Association v. Sparks*, 498 S.W.3d 389 (Ky. 2016)[4]; and *Kentucky Bar Association v. Sparks*, 505 S.W.3d 258 (Ky. 2016).[5]

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Respondent's guilt. Respondent has not filed a notice to this Court to review the Board's decision, and we do not elect to

---

[2] "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

[3] In February 2016, by Opinion and Order, Respondent was suspended from the practice of law for a period of one hundred eighty-one days, with sixty-one days to be served and the remainder to be probated with conditions.

[4] In September 2016, by Opinion and Order, Respondent was suspended from the practice of law for a period of one hundred eighty-one days to run consecutively to the suspension ordered by this Court in February 2016.

[5] In December of 2016, by Opinion and Order, this Court revoked the partially probated suspension from February 2016 and ordered Respondent to serve the remaining of the one hundred twenty days. One of the conditions of probation was that Respondent was not to receive any new disciplinary charges after February 2016, and the OBC received a new complaint in April 2016.

review the decision of the Board under SCR 3.370(8).[6] Accordingly, the decision of the Board is hereby adopted under SCR 3.370(9).[7]

For the foregoing reasons, it is hereby ORDERED:

1. Respondent, David Thomas Sparks, is found guilty of violating SCR 3.130 (1.3); SCR 3.130 (1.4)(a)(2); SCR 3.130 (1.4)(a)(4); SCR 3.130 (1.16)(d); and SCR 3.130 (8.1)(b).

2. Respondent is suspended from the practice of law for one year to run consecutively with the one hundred eighty-one days from the February 2016 Opinion and Order and another one hundred eighty-one day suspension from the September 2016 Opinion and Order, all to run consecutively. Further Respondent is to be referred to KYLAP; directed to attend and successfully complete EPEP; directed to refund the $1,000.00 unearned fee to Donald G. Meredith; and directed to satisfy all conditions imposed in this and the other pending disciplinary actions.

3. As required by SCR 3.390, Respondent shall notify by letter duly placed with the United States Postal Service, all courts or tribunals in which he

[6] "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision. If the Court so acts, Bar Counsel and Respondent may each file briefs, not to exceed thirty (30) pages in length, within thirty (30) days, with no right to file reply briefs unless by order of the Court, whereupon the case shall stand submitted. Thereafter, the Court shall enter such orders or opinion as it deems appropriate on the entire record."

[7] "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

has matters pending, and all his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Respondent shall immediately cancel any pending advertisements to the extent possible, and shall terminate any advertising activity.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $342.85, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: JUNE 15, 2017.

---

CHIEF JUSTICE