David Thomas Sparks, Kentucky Bar Association (KBA) Number 85840, was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995, and his bar roster address is listed as 1719 Ashley Circle, Suite 100, P.O. Box 1925, Bowling Green, Kentucky, 42102. Based on three separate KBA files, the Board of Governors recommends this Court find Sparks guilty of violating SCR 3.130 -1.3 (three counts), 3.130-1.4(a)(3) (three counts), 3.130-1.4(a)(4) (three counts), 3.130-1.5, 3.130-1.15(a), 3.130-1.16(d) (three counts), 3.130-3.4(c) (two counts), 3.130-5.5, and 3.130-8.4(c). For these violations, the Board recommends Sparks be permanently disbarred from the practice of law and pay all associated costs. For the following reasons, we adopt the Board's recommendation.
I. BACKGROUND
The current case spans three separate KBA files. We will address each in turn.
A. KBA File Number 16-DIS-0353
Larry Putty paid Sparks $20,000 to represent his grandson Trevor in a civil lawsuit stemming from Trevor's assault. Service was never completed against the named defendant or several John Does identified in the complaint. The case was ultimately dismissed for lack of prosecution. Larry died the year after he paid Sparks to represent Trevor, and three years after all correspondence from Sparks ceased, two of Trevor's family members filed bar complaints against Sparks. Copies of the complaints were mailed to Sparks at his bar roster address, but were returned as undeliverable. Attempted service by the Warren County Sheriff's office also failed, and Sparks was served pursuant to 3.175(2) via service on the KBA Director. Sparks failed to respond to either bar complaint.
Ultimately, the Inquiry Commission issued an eight-count charge, alleging Sparks had violated: (1) SCR 3.130 -1.3 (by failing to act with reasonable diligence and promptness in representing Trevor); (2) 3.130-1.4(a)(3) (by failing to keep Trevor reasonably informed about the status of his case); (3) 3.130-1.4(a) (4) (by failing to promptly comply with reasonable requests for information); (4) 3.130-1.5 (by collecting an unreasonable fee); (5) 3.130-1.15(a) (by failing to hold the funds paid him by Larry on Trevor's behalf separate from his own property); (6) 3.130-1.16(d) (by failing to protect Trevor's interests by giving him reasonable notice, surrendering Trevor's file, and refunding any unearned fee); (7) 3.130-3.4(c) (by knowingly disobeying an obligation under the rules of a tribunal); and (8) 3.130-8.4(c) (by engaging in conduct *286 involving "dishonesty, fraud, deceit or misrepresentation").
Service of the charge was attempted in much the same way as it had been for the complaints. After other attempts at service failed, Sparks was served via the KBA Director. Sparks did not respond to the charge.
B. KBA File Number 16-16157
The facts concerning the second charge contained in the case at bar involve Larry Putty's daughter, Kandy Putty Fear and her husband Gregory. Kandy and Gregory paid Sparks a $2,500 retainer to represent them in a legal matter related to real property. Sparks did file a lawsuit on Kandy and Gregory's behalf. However, after being granted a continuance in that case, he pursued no further action until after he was suspended from the practice of law by this Court in a separate matter, Kentucky Bar Ass'n v. Sparks, 480 S.W.3d 278 (Ky. 2016). Then, in spite of the fact that he was suspended from the practice of law at the time, Sparks filed a pretrial compliance statement and appeared before the court at a pretrial conference. Sparks failed to schedule his clients' depositions and did not return the phone calls or letters of opposing counsel. The trial court eventually dismissed the Fears' lawsuit for failure to prosecute the case after no one appeared in court on their behalf at a hearing.
The Inquiry Commission filed a six-count charge against Sparks related to the Fears' case, alleging Sparks had violated: (1) SCR 3.130 -1.3 (by failing to act with reasonable diligence and promptness in representing the Fears); (2) 3.130-1.4(a)(3) (by failing to keep the Fears reasonably informed about the status of their case); (3) 3.130-1.4(a)(4) (by failing to promptly comply with the Fears' reasonable requests for information); (4) 3.130-1.16(d) (by failing to protect the Fears' interests by giving them reasonable notice, surrendering their file, and refunding any unearned fee); (5) 3.130-3.4(c) (by knowingly disobeying an obligation under the rules of a tribunal); and (6) 3.130-5.5 (by practicing law while under suspension from the practice).
As with the previous file, service through the mail and the Sheriff's office upon Sparks were unsuccessful. Service was completed through the KBA Director, and, again, Sparks responded to neither the complaint nor the charge.
C. KBA File Number 17-DIS-0108
Finally, Bobby Gilmer hired Sparks to file a lawsuit on his behalf against a contractor. Gilmer, an elderly retired veteran, paid Sparks $2,500 as an advance retainer. Sparks's sole communication with Gilmer was one letter regarding the representation. Gilmer terminated the representation and demanded a refund, which Sparks failed to pay.
In this file, the Inquiry Commission filed a four-count charge against Sparks, alleging he had violated: (1) SCR 3.130 -1.3 (by failing to act with reasonable diligence and promptness in representing Gilmer); (2) 3.130-1.4(a)(3) (by failing to keep Gilmer reasonably informed about the status of his case); (3) 3.130-1.4(a)(4) (by failing to promptly comply with Gilmer's reasonable requests for information); and (4) 3.130-1.16(d) (by failing to protect Gilmer's interests by refunding any unearned fee). Just as in the previous two KBA files, service of the complaint and charge by mail and personal service failed. Service was completed through the KBA Director, and Sparks did not respond.
II. BOARD'S RECOMMENDATION
In reaching its recommendation as to Sparks's discipline, the Board considered *287 his prior disciplinary history. Since 2016, Sparks has been severely sanctioned by this Court.
In the first of four cases, Sparks was found to have violated some of the same rules as those in the present case-namely, SCR 3.130 -1.4(a)(4), 3.130-1.15(a), 3.130-1.15(b), 3.130-8.1(b), and 3.130-8.4. Sparks , 480 S.W.3d 278. In that case, Sparks failed to respond to the bar complaint and charge, even though he was personally served. He did not file an answer to the charges until the case was submitted to the Board of Governors as a default matter. The KBA asked this Court to review the Board of Governors' recommendation and, instead of the Board's recommended sanction, to permanently disbar Sparks. However, this Court disagreed with the KBA that Sparks's violations deserved his permanent disbarment, and instead suspended Sparks for 181 days (with 61 days to serve and the remainder probated with conditions). Later that year, when Sparks failed to comply with the terms of the probated suspension, we ordered him to show cause why his probation should not be revoked. Sparks failed to respond to that order and this Court revoked his probation in Kentucky Bar Ass'n v. Sparks , 505 S.W.3d 258 (Ky. 2016), and ordered that he serve the remainder of the suspension.
In Kentucky Bar Ass'n v. Sparks, 498 S.W.3d 389 (Ky. 2016), the Board of Governors recommended this Court suspend Sparks for 181 days, to run consecutive to the aforementioned 181-day suspension. Sparks acknowledged receipt of both the bar complaint and the charge, but responded to neither. Therefore, the case proceeded as a default case. Neither party sought review of the Board's recommendation, and this Court adopted it, suspending Sparks for an additional 181 days for violating SCR 3.130 -1.4(a)(4), 3.130-1.16(d), and SCR 3.130 -8.1(b).
Finally, the Board recommended this Court suspend Sparks for one year, to run consecutive to his other suspensions in Kentucky Bar Ass'n v. Sparks , 518 S.W.3d 146, 148 (Ky. 2017). Sparks did not respond to either the bar complaint (even though he was personally served by the Warren County Sheriff's Office) or the charge (which was served through the KBA Director) in that case. Much like many of the other charges against Sparks, this case involved Sparks's failure to communicate with a client or to provide the legal services for which he was paid. The Court adopted the Board's recommended sanction and found Sparks guilty of violating SCR 3.130 -1.3, 3.130-1.4(a)(2), 3.310-1.4(a)(4), 3.130-1.16(d), and 3.130-8.1(b).[1]
*288 In light of Sparks's continuing pattern of accepting money from clients, ceasing communication, and failing to complete (or, in some cases, even begin) working on their cases, the Board recommends this Court permanently disbar Sparks from the practice of law. Given the gravity and number of charges against him and his complete disregard for our profession's ethical standards, we agree.
III. ADOPTION OF BOARD'S RECOMMENDATION
Pursuant to SCR 3.370(9),[2] this Court adopts the recommendation of the Board given the gravity and number of charges against Sparks and his complete disregard for our profession's ethical standards. Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:
1. David Thomas Sparks's motion for enlargement of time is DENIED; and
2. Sparks is permanently disbarred from the practice of law; and
3. In accordance with SCR 3.450, Sparks shall pay all costs associated with these proceedings, said sum being $1086.20, for which execution may issue from this Court upon finality of this Opinion and Order; and
4. Pursuant to SCR 3.390, Sparks shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Sparks shall immediately cancel and cease any advertising activities in which he is engaged.
/s/ John D. Minton, Jr.
CHIEF JUSTICE
All sitting. All concur.

In the present case, after the time had passed in which Sparks could file a notice of review with this Court, he filed a motion for enlargement of time. Through that motion, Sparks sought leave to file a late response. Sparks asserted that he had "previously been deprived of proper notice." Sparks stated in the motion that he denied any wrongdoing and that his previous home had been lost through foreclosure, and the documents had been sent to that address and a defunct post office box. However, he never changed his bar roster address with the KBA. Three days before the time in which he could properly file a notice of review expired, the Office of Clerk of the Supreme Court of Kentucky received correspondence from Sparks with a change of address which referenced three of his prior KBA cases. He still failed to change his bar roster address with the KBA.
Sparks now asks this Court for "leave to file an appropriate response, which may include a request for return of the matter to the [KBA] for exercise of the rights to which he has been deprived." He also asks this Court to enter "an Order directing the Clerk to send [him] a copy of the file materials in this matter with [Sparks] afforded thirty (30) days after the Clerk certifies that the office has sent these materials in which to file an appropriate response."
The KBA objects to Sparks's motion, citing the numerous disciplinary cases (as recounted above) in which Sparks failed to participate. We agree with the KBA's assertion that it followed the proper procedures pursuant to our rules. The blame for the fact that Sparks may not have known about the charges in this case lies at his feet. All relevant complaints and charges were first mailed to Sparks's bar roster address, before the Warren County Sheriff's Office failed in its attempt to serve Sparks. Only then was service completed by serving the KBA Director pursuant to SCR 3.175(2).
It is not incumbent on the KBA-and certainly not on this Court-to go to any further lengths to ensure Sparks has access to the file information in this case or to afford him any further time to respond. Therefore, we deny his motion for enlargement of time.

SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."